JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

#113908

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**United States District Court**
**Southern District of Texas**
**FILED**

## I. (a) PLAINTIFFS

Yanez, Amelia

## DEFENDANTS

Levi Strauss & Co.

**JUN 22 2000**

**Michael N. Milby**
**Clerk of Court**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)
Currently residing in Buena Vista, Iowa

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Aaron Pena, Jr.
Aaron Pena & Associates
1110 South Closner
Edinburg, Texas 78539   (956) 383-5555

ATTORNEYS (IF KNOWN)
Mario A. Barrera and Amber E. Alonso
Bracewell & Patterson
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205   (210) 226-1166

**B-00-093**

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | USC 881 | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Report- | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ing & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | or Defendant) | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | ☐ 871 IRS - Third Party | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | 26 USC 7609 | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Labor Management Relations Act of 1947, 28 U.S.C. § 185; Plaintiff asserts state law claims that are completely preempted by S 301 of the LMRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE   Peter E. Ormsby   M-95-CV-262 (currently on appeal in 5th Circuit No. 97-41493
Filemon B. Vela referred to Peter Ormsby   M-99-051
Filemon B. Vela referred to Dorin Ramos   M-99-215

DOCKET NUMBER

DATE

6/21/00

SIGNATURE OF ATTORNEY OF RECORD

Ash Alonso w/ permission of attorney in charge Mario Barrera

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AMELIA YANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. **B-00-093** |
| v. | § | _____ |
| | § | |
| LEVI STRAUSS &. CO., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Levi Strauss & Co. (hereinafter "LS&CO.") removes this cause from the 357th

Judicial District Court of Cameron County, Texas, to the United States District Court for the

Southern District of Texas, Brownsville Division, on the grounds of federal question jurisdiction,

28 U.S.C. § 1331, based on the following:

1.      The instant case presents preemption issues under the Labor Management Relations

Act, 29 U.S.C. § 185 (hereinafter "LMRA"), that are nearly identical to the issues presented in three

other cases being litigated by the same counsel of record as in the present case: *Agustina Trevino,*

*et al., Plaintiffs-Appellants v. Mike Ramos, Defendant and Levi Strauss & Co., Defendant-Appellee,*

Appeal No. 97-41493, which is currently pending before the Fifth Circuit Court of Appeals;

*Consuelo Cordova v. Levi Strauss & Co.,* Civil Action No. M-99-051, which is currently pending

in the United States District Court for the Southern District of Texas, McAllen Division; and *Maria*

*Flores v. Levi Strauss & Co.,* Civil Action No. M-99-215, which was pending in the United States

District Court for the Southern District of Texas, McAllen Division but remanded to Hidalgo County

District Court on June 6, 2000. *Trevino, Cordova* and *Flores* all involve former employees of

LS&CO. who were employed at its McAllen plant and terminated pursuant to the leave of absence

CutePDF - www.fenito.com

the 

provisions in a collective bargaining agreement (hereinafter "CBA") entered into between LS&CO. and the Union of Needle Trades, Industrial and Textile Employees (hereinafter "UNITE").

2.      In *Trevino*, the Fifth Circuit issued a decision on December 7, 1999, holding, without analysis, that the § 451 claims raised therein were not preempted by the LMRA. Because the ruling in *Trevino* was contrary to established Fifth Circuit authority, LS&CO. immediately filed a Petition for Rehearing *en banc* on December 20, 1999. In the six (6) months that LS&CO.'s Petition for Rehearing has been pending, the Fifth Circuit has requested and reviewed the record including the oral argument tape(s) and accepted an amicus curiae brief on the issue. Although neither party can predict the Fifth Circuit's outcome in *Trevino*, it is clear that they are carefully considering LS&CO.'s Petition for Rehearing. In *Cordova* meanwhile, Magistrate Judge Peter Ormsby has scheduled oral arguments on June 28, 2000 with respect to dispositive motions filed by both parties concerning the issues currently pending in *Trevino*. Finally in *Flores*, LS&CO. is evaluating its remedies in order to preserve the issues that are currently pending before the Fifth Circuit in *Trevino*.

3.      In the present case, Plaintiff filed her Original Petition in Cameron County District Court on October 22, 1997. Defendant was served with Plaintiff's Original Petition on October 30, 1997. Defendant timely filed its Original Answer in state district court on November 21, 1997. On May 23, 2000, Defendant took the Plaintiff's deposition and for the first time, it became apparent that federal question jurisdiction exists in this case.[1]

4.      In her Original Petition, Plaintiff alleges wrongful discharge by Defendant LS&CO. in violation of Chapter 451 of the Texas Labor Code (formerly Article 8307c). Plaintiff's claim,

---

[1] LS&CO. would show the Court that it repeatedly attempted to take Plaintiff's deposition but was unsuccessful in doing so. It was not until LS&CO. filed Defendant's Motion to Dismiss for Want of Prosecution in which the Court ruled Plaintiff had to make herself available for deposition by May 31, 2000 or Defendant would be permitted to reurge its Motion to Dismiss.

however, is preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").

5.      While employed by LS&CO., the terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement between LS&CO. and UNITE, a copy of which is annexed hereto under Tab 1.

6.      At the time of her termination on November 2, 1995, Plaintiff was on a leave of absence. The CBA provides, *inter alia*, that employees may be placed on a leave of absence for personal illness or accident up to a maximum of twelve (12) months. On October 31, 1994, Plaintiff's doctor restricted her from performing any work and consequently, LS&CO. placed her on a leave of absence effective November 1, 1994. On November 2, 1995, Plaintiff had still not been released by her doctor to return to work without restrictions. Accordingly, LS&CO. made the decision to terminate Plaintiff's employment in accordance with the twelve month leave of absence policy contained in the CBA. *See* deposition excerpts of Conrado Alvarado, annexed hereto under Tab 2.

7.      Article XI of the CBA provides in relevant part that:

A leave of absence may be granted to an employee upon written request not to exceed thirty (30) days for illness or accident suffered by the employee or a serious illness or accident to a member of his immediate family. The Company may extend leaves of absences for additional thirty (30) day periods up to a maximum leave period of (12) months. Leaves of absence for personal reasons may be granted by the Company.

(*See* Tab 1).

8.      Article V, Section 8, of the CBA provides, in relevant part, that:

. . . should an employee experience a serious accident which results in physical limitations, which prevent an employee from performing the assigned job or operation, the parties hereto shall meet and discuss what, if any, special job assignment consideration such employee may need.

(*See* Tab 1).

9.      Another applicable provision of the CBA  – Article V, Section 9 –  provides in relevant part that:

An employee's seniority shall terminate when he/she:

     b)      Fails to return to work after a lay-off or expiration of a leave of absence

     c)      Is absent for three (3) consecutive days without notifying the Company,

(See Tab 1).

10.      As noted above, during Plaintiff's deposition, which was taken on May 23, 2000, it became evident for the first time that Plaintiff's claim was preempted by § 301 of the LMRA. Specifically, Plaintiff testified that LS&CO. violated her rights when it applied the policies set forth in the CBA because she was unaware of such policies at the time she was terminated:

Q:      You were aware that Levi Strauss had a policy that said you could not be out in excess of 12 months; correct?

A:      That policy got effected on that year.

Q:      Okay

A:      In that year.

Q:      But you knew they had the policy?

A:      No, I didn't know until that - - that same day they told me.

Q:      Okay.

A:      Of that knew policy. [sic]

(P. Dep. at pp. 151).  See Plaintiff's deposition excerpts attached at Tab 3.

. . .

-4-

Q:     Okay.  Do you think they violated anything -- any part of this policy by terminating

you after 12 months?

A:     I don't know about the policy, but they did violate my rights.

Q:     Okay. But -- okay.

A:     By not letting me know about that.

(P. Dep. at pp. 154).  See Plaintiff's deposition excerpts attached at Tab 3.

. . .

Q:     Do you think that they violated your rights by applying these policies to you?

A:     <u>Yeah.</u>

Q:     By --

A:     <u>At the last moment, yes.</u>

Q:     Okay.  What do you mean "at the last moment"?

A:     I didn't know about that.  Right now you telling me about it, so --

Q:     Okay.  So, you're saying by applying these to you, because you didn't know about

them, even though they're in the collective bargaining agreement, they violated your

rights; correct?

A      <u>Yes.</u>

(P. Dep. at pp. 157-158).  See Plaintiff's deposition excerpts attached at Tab 3.

. . .

Q:     When you say that, you're talking about section 8 accommodations; right?

A:     Section 8 accommodations.

Q:     Do you think they violated this contract by not discussing a special accommodation

with you?

A: <u>Yes.</u>

Q: And is that part of your complaint in this lawsuit?

A: Yes, if it's company policy.

Q: Okay.  And you said that you didn't - - that you thought by applying these policies to you like the 12-month policy, that they violated your rights?

A: <u>Right.</u>

Q: When we say these policies, we're talking about the policies in the union contract?

A: <u>Right.</u>

(P. Dep. at 159-160).  See Plaintiff's deposition excerpt's attached at Tab 3

 11. The above testimony during Plaintiff's deposition clearly demonstrates that this case will require interpretation of the collective bargaining agreement. The claim at issue in this lawsuit thus presents a classic case of federal labor law preemption.  It is well established federal law that the preemptive force of Section 301 of the LMRA is so powerful that it completely preempts a field of state law.  Accordingly, a purported state law cause of action which is governed by a collective bargaining agreement must be recharacterized as a federal cause of action and is therefore removable to federal court.  E.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

 12. The Fifth Circuit has held that the preemption doctrine is applicable in cases asserting § 451 claims.  In *Medrano v. Excel Corp.*, 985 F.2d 230 (5th Cir.), *cert. denied*, 510 U.S. 822 (1993), the court held that a § 451 claim was preempted by § 301.

> "No matter in what glamourous garb it is dressed, the basic thrust" of Medrano's claim is that the enforcement of the settlement provision of the CBA "itself constitutes a tort under state law."

*Id.* at 234 (quoting *Strachan v. Union Oil Co.*, 768 F.2d 703, 704 (5th Cir. 1985)).  Three years later, the Fifth Circuit again found preemption of a § 451 claim noting that "[i]n his deposition, Thomas

CtMPDF - www.fasoa.com

repeatedly testified that the basis for his wrongful discharge claim was the interpretation and application of the APA." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). *See also Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 171 (1996). Accordingly, Plaintiff's claim of wrongful discharge is preempted by federal law because its adjudication is inextricably intertwined with a collective bargaining agreement and Plaintiff's employment was terminated pursuant to the collective bargaining agreement.

13.     A transcript of deposition testimony constitutes "other paper" for purposes of removal under § 1446(b) of the removal statute. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). This Notice of Removal is being filed within thirty (30) days within Plaintiff's oral deposition, from which it first became ascertainable that this case is removable under 28 U.S.C. § 1446(b), and is therefore timely.

14.     Copies of all process, pleadings asserting causes of action, all answers to such pleadings and orders signed by the state court judge are annexed hereto at Tab 4. No other process, pleadings or orders have been served or filed in this cause with the Clerk of the District Court of Cameron County. Pursuant to Local Rule 3.K., a copy of the docket sheet, index of matters being filed, and a list of counsel are also annexed at Tab 5 and filed with this Notice of Removal.

15.     This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it is an action over which the United States District Court has original jurisdiction because Plaintiff's claim of discriminatory termination under Chapter 451 of the Texas Labor Code is completely preempted by § 301 of the Labor Management Relations Act. Venue is proper in this Court because the allegations in Plaintiff's Original Petition arise out of facts alleged to have occurred within the jurisdiction of the United States District Court for the Southern District of Texas, Brownsville

-7-

Division, and this action has been removed to the district and division within which the action was pending in state court as required by 28 U.S.C. § 1446(a).

16.    Defendant is filing a copy of this Notice of Removal with the Clerk of the District Court of Cameron County, thereby effecting removal pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant respectfully requests that the action now pending in the 357th Judicial District Court of Cameron County, Texas, as above-mentioned, be removed therefrom to the United States District Court for the Southern District of Texas, Brownsville Division, and that the state court take no further action unless and until this action is remanded.

-8-

Dated:  June 22, 2000                    Respectfully submitted,

_Ada Alam w/ permission of attorney in charge Mario Barrera_

Mario A. Barrera
Attorney-in-Charge
State Bar No. 01805915
Southern Dist. No. 2238
Amber Alonso
State Bar No. 00793254
Southern Dist. No. 22103
BRACEWELL & PATTERSON, L.L.P.
800 One Alamo Center
106 South St. Mary's Street
San Antonio, Texas 78205
Telephone:  (210) 226-1166
Facsimile:  (210) 226-1133

ATTORNEYS FOR DEFENDANT
LEVI STRAUSS & CO.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Notice of Removal
will be hand delivered to Aaron Peña, Jr., Aaron Peña & Associates, 1110 South Closner, Edinburg,
Texas 78539 on the 22 day of June, 2000.

_Ada Alonso w/ permission of attorney in charge Mario Barrera_

Mario A. Barrera

520191.1

-9-

CAUSE NO. 97-10-6476-E



| | | |
|---|---|---|
| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Amelia Yanez, Plaintiff
      By and through her attorney of record:
      Aaron Peña, Jr.
      Aaron Peña & Associates
      1110 S. Closner
      Edinburg, Texas 78539

Notice is hereby given that Levi Strauss & Co., Defendant in the above-entitled action, has this date filed its Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk, United States District Court for the Southern District of Texas, Brownsville Division.

Notice is further hereby given that Defendant has this date filed this Notice of Filing Notice of Removal and a copy of the Notice of Removal with the Clerk of the District Court, Cameron County, Texas thereby effecting removal of this cause from the District Court, 357th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, in accordance with the provisions of 28 U.S.C. § 1446(d), and that the State Court shall proceed no further unless and until the case is remanded.

Dated: June 22, 2000

Respectfully submitted,

_[signature]_ _w/ permission of attorney in charge Mario Barrera_

Mario A. Barrera
State Bar No. 01805915
Amber E. Alonso
State Bar No. 00793254
Bracewell & Patterson, L.L.P.
Suite 800, One Alamo Center
106 South St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 226-1166
Telecopy:  (210) 226-1133

ATTORNEYS FOR DEFENDANT
LEVI STRAUSS & CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of filing Notice of Removal will be hand delivered to Aaron Peña, Jr., Aaron Peña & Associates, 1110 South Closner, Edinburg, Texas 78539 on the 22 day of June, 2000.

_[signature]_ _w/ permission of attorney in charge Mario Barrera_

Mario A. Barrera

520278

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| AMELIA YANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-00-093 |
| v. | § | |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the 22 day of June, 2000, Bracewell & Patterson, L.L.P., filed with

the Honorable Aurora de la Garza, District Clerk of Cameron County, Texas, the original of the

attached Notice of Filing Notice of Removal and attachments thereto and will hand deliver a copy

of all filed documents to counsel for Plaintiff, Aaron Peña, Jr., Aaron Peña & Associates, 1110 South

Closner, Edinburg, Texas 78539.

Dated: June 22, 2000                          Respectfully submitted,


                                              _____
                                              Mario A. Barrera
                                              State Bar No. 01805915
                                              Southern Dist. No. 2238
                                              Amber E. Alonso
                                              State Bar No. 00793254
                                              Southern Dist. No. 22103
                                              Bracewell & Patterson, L.L.P.
                                              Suite 800, One Alamo Center
                                              106 South St. Mary's Street
                                              San Antonio, Texas 78205
                                              Telephone: (210) 226-1166
                                              Telecopy:  (210) 226-1133


                                              ATTORNEYS FOR DEFENDANT
                                              LEVI STRAUSS & CO.

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above and foregoing Certificate of Filing
and Service will be hand delivered to Aaron Peña Jr., Aaron Peña & Associates, 1110 South Closner,
Edinburg, Texas 78539 on the 22 day of June, 2000.


                                              _____
                                              Mario A. Barrera


520259

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| AMELIA YANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-00-093 |
| v. | § | |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order for Conference has been hand

delivered to Aaron Peña, Jr., Aaron Peña & Associates, 1110 South Closner, Edinburg, Texas 78539

on this the 22 day of June 2000.

_____
Mario A. Barrera

520261

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

AMELIA YANEZ,                        §
                                     §
            Plaintiff,               §
                                     §
v.                                   §      CIVIL ACTION NO. B-00-093
                                     §
LEVI STRAUSS & CO.,                  §
                                     §
            Defendant.               §

## INDEX OF MATTERS BEING
## FILED WITH NOTICE OF REMOVAL

Tab 1        Collective Bargaining Agreement Between LS&CO. and UNITE (Plaintiff's Deposition Exhibit Number 42)

Tab 2        Excerpts from the Oral Deposition of Conrado Alvarado, Jr. & Authenticating Affidavit of Attorney Mario A. Barrera

Tab 3        Excerpt from the Oral Deposition of Amelia Yanez (with Exhibits) & Authenticating Affidavit of Attorney Raquel G. Pérez

Tab 4        Process, Pleadings Asserting Causes of Action, all Answers to Such Pleadings and Orders Signed by the State Judge

Tab 5        State Court Docket Sheet, List of Counsel of Record and Index of Matters Being Filed

520283

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| AMELIA YANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. **B-00-093** |
| v. | § | |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | |

## LIST OF COUNCIL OF RECORD

ATTORNEYS FOR DEFENDANT
LEVI STRAUSS & CO.

Mario A. Barrera
State Bar No. 01805915
Southern Dist. No. 2238
Amber E. Alonso
State Bar No. 00793254
Southern Dist. No. 22103
Raquel G. Pérez
State Bar No. 00784746
Southern Dist. No. 19187
Bracewell & Patterson, L.L.P.
Suite 800, One Alamo Center
106 South St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 226-1166
Telecopy:   (210) 226-1133

ATTORNEYS FOR PLAINTIFF
AMELIA YANEZ

Aaron Peña, Jr.
State Bar No. 15739010
Aaron Peña & Associates
1110 South Closner
Edinburg, Texas 78539
Telephone: (956) 383-5555
 Telecopy:   (956) 381-0001

520257



**CAUSE NO. 97-10-6476-E**

FILED 8:15 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
OCT 22 1997
DISTRICT COURT CAMERON COUNTY, TEXAS
BY Oscar Rodriguez DEPUTY

| AMELIA YANEZ | * | THE 35th DISTRICT COURT |
| VS. | * | OF |
| LEVI STRAUSS & CO. | * | CAMERON COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, AMELIA YANEZ, hereinafter referred to as plaintiff, complaining of LEVI STRAUSS & CO., hereinafter called by name or as defendant, and for such cause of action, would respectfully show unto the Court and jury as follows:

I.
<u>VENUE AND JURISDICTION</u>

Plaintiff, AMELIA YANEZ is a resident of Cameron County, Texas

Defendant, LEVI STRAUSS & CO., is a foreign corporation formed under the laws of another state, but said Defendant has obtained a certificate of authority, and is duly authorized to transact business in the State of Texas, and may be served with process herein by serving its registered agent, The Prentice Hall Corporation System, located at 400 North Saint Paul St., Dallas, Texas 75201. Service of Citation is Requested through personal service.

Venue is proper in Cameron County, Texas in that the incidents the basis of this cause of action occurred in Cameron County.

II.
<u>FACTUAL ALLEGATIONS</u>

On or about March 21, 1990, Plaintiff accepted employment with LEVI STRAUSS & CO. During her employment, plaintiff performed all of the duties assigned to her with loyalty, dedication and hard work. On or about May 27, 1994, while in the course of her employment with LEVI STRAUSS & CO., plaintiff received an on the job injury. Plaintiff thereafter, took steps towards beginning her worker's compensation claim when she reported her injury to her employer and later sought medical treatment for such injury. Due to the nature of these injuries defendant notified its workers' compensation carrier to pay for plaintiff's medical expenses. On or about November 1, 1995, plaintiff was wrongfully discharged by a management employee of the defendant corporation. Plaintiff asserts that the true reason she was fired was because she in good faith instituted a claim and took other protected steps under the Workers' Compensation Act.

8307C/LEVIS-AY.PET/ER                    1

Plaintiff further asserts and intends to prove that the treatment she received was a pattern and practice engaged in by the Defendant corporation towards the Plaintiff and others similarly situated. This unwritten plan or scheme to discriminate and/or terminate against employees, taking protected steps under the Worker's Compensation Act, included the use of an absence control policy which is discriminatory on its face and discriminatorily applied to impact on individuals such as Plaintiff.

## III.
## WORKER'S COMPENSATION RETALIATION

Plaintiff, AMELIA YANEZ, accepted employment with the defendant corporation, LEVI STRAUSS & CO. During her employment, plaintiff performed all of the duties assigned to her with loyalty, dedication and hard work.

On or about May 27, 1994, while an employee of the defendant corporation, plaintiff was injured in the course of her employment. As a result of this injury, the plaintiff initiated and thereafter filed a Workers' Compensation Claim. Plaintiff further took other protected steps to obtain the benefits permitted under the Texas Workers' Compensation Act. Plaintiff would further show that defendants, habitually and repeatedly engaged in a series of similar acts constituting a continuing violation of the rights of the Plaintiff from the time of her injury to her firing. The defendant was and is a subscribing employer under the Texas Workers' Compensation Act.

On or about November 1, 1995, the Plaintiff was terminated as the culmination of discriminatory conducted directed against her, by the Defendant because she exercised her rights under the Texas Workers' Compensation Act. Plaintiff alleges that her termination was a part of a larger unwritten plan or scheme of the defendant corporation to discriminate against injured employees of the defendant corporation.

The Defendant, their agents, servants, and employees, discharged or in some other manner, discriminated against the Plaintiff because she in good faith, filed a claim, hired an attorney to represent her in a claim, or caused to be instituted, in good faith, any proceeding under the Texas Workers' Compensation Act. The conduct of the Defendant is a violation of the workers compensation retaliation statute (previously Article 8307c, currently Tex. Labor Code, Section 451.001) which states:

§ 451.001 Labor Code
"A person may not discharge or in any manner discriminate against an employee because the employee has:

(1)     filed a workers' compensation claim in good faith;
(2)     hired a lawyer to represent the employee in a claim;
(3)     instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
(4)     testified or is about to testify in a proceeding under Subtitle A."

As a result of the discriminatory treatment, her ultimate termination and the acts described herein, the Plaintiff has suffered damages as alleged in this petition.

## IV.
## ACTUAL DAMAGES

As a result of the incidents described above, that made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to her occupation and thereby suffered loss of income for which she hereby sues. In all reasonable probability her loss of income will continue long into the future, if not for the balance of plaintiff's natural life, all to her damage for which she hereby sues.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural life.

## V.
## EXEMPLARY DAMAGES

The conduct of the defendant, set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. Because of spite, ill will and malicious intent held by the defendant's management towards the plaintiff, such management acting in a willful and intentional manner, committed acts calculated to cause injury and/or damage to the plaintiff. The Defendant accordingly acted with malice, actual malice and/or specific intent to injure the plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the defendant and its management in the future. Accordingly, plaintiff requests that punitive damages be awarded against the defendant as a result of their egregious violation of the law.

WHEREFORE PREMISES CONSIDERED, plaintiff prays that the Honorable Court grant the following:

a). Judgment against Defendant for Plaintiff's Damages;

b). Punitive Damages;

c). Prejudgment interest as allowed by law;

d). Interest on said judgment at the legal rate from date of judgment;

e). For costs of suit herein;

f). Such other relief as the Court deems proper.

---

*8307C/LEVIS-AY.PET/ER*                3

COPY

FILED _8:15_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

OCT 22 1997

DISTRICT COURT OF CAMERON COUNTY, TEXAS
David Rodriguez
DEPUTY

CAUSE NO. ___97-10-6476-E___

| | | |
|---|---|---|
| AMELIA YANEZ | * | THE 357th DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| LEVI STRAUSS & CO. | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR JURY TRIAL

NOW COMES PLAINTIFF AMELIA YANEZ, requesting that a jury trial be held on said cause. Pursuant to Rule 216 of the Texas Rules of Civil Procedure a jury fee in the sum of $30.00 has been paid to the District Clerk's office. A copy of the thirty dollar check paid for the jury fee is attached as exhibit "A".

Respectfully submitted,

AARON PENA & ASSOCIATES
ATTORNEYS AT LAW
1110 S. Closner
Edinburg, Texas 78539
(210) 383-5555 Telephone
(210) 381-0001 Telefax

BY: _Aaron Pena_

AARON PEÑA, JR.
STATE BAR NO. 15739010

ATTORNEY FOR PLAINTIFF

CUSPDF - www.tesisc.com

Respectfully submitted,

**AARON PENA & ASSOCIATES**
**ATTORNEYS AT LAW**
**1110 S. Closner**
**Edinburg, Texas 78539**
**(210) 383-5555 Telephone**
**(210) 381-0001 Telefax**

BY:

**AARON PEÑA, JR.**
**STATE BAR NO. 15739010**

*8307C/LEVIS-AY.PET/ER*                    4

PLAINTIFF'S
EXHIBIT
A
FALCON•DALLAS, TX

AARON PENA & ASSOCIATES
ATTORNEY'S AT LAW
OPERATING ACCOUNT
1110 SOUTH CLOSNER (210) 383-5555
EDINBURG, TX 78539

INTERNATIONAL BANK OF COMMERCE
McALLEN, TEXAS
88-1782/1149

3791

10/21/97

PAY TO THE
ORDER OF ___ Aurora De La Garza ___                                $ **30.00

Thirty and 00/100********************************************************** DOLLARS

Aurora De La Garza
974 E. Harrison
Brownsville, Texas   78520

MEMO   Amelia Yanez vs Lewis                              MP

⑈003791⑈ ⑈114917623⑈: ⑈5554381⑈0⑈

© 1994, 1995 INTUIT   # 546   1-800-433-8810

# CSC  The United States Corporation Company
## 1013 Centre Road, Wilmington, DE, 19805-1297
## (302) 998-0595

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 30-OCT-97                    Transmittal #:  TX0395024P          ALL

To: DANYELLE MARSHALL-RANDALL                Redirect sent to:
    LEVI STRAUSS & CO.
    1155 BATTERY STREET
    P.O. BOX 7215
    SAN FRANCISCO CA 94111

### TYPE OF REPRESENTATION:   Statutory

*We enclose the following documents which were served upon:*
                                        The Prentice-Hall Corporation System, Inc.
*as registered agent in   Texas*                *for*
                                        LEVI STRAUSS & CO. (ID#:  0117928)
*Documents were served on  30-OCT-97     via Personal Service*        ID#:  N/A

Title of Action:  AMELIA YANEZ                        Case #: 97-10-6476-E
        vs.  LEVI STRAUSS & CO.
      Court:  357TH JUDICIAL DISTRICT OF CAMERON COUNTY, TEXAS
Nature of Case:  Wrongful Termination

_____ Summons            _____ Notice of Mechanic's Lien       _____ A self-addressed stamped
_____ Complaint          _____ Notice of Attorney's Lien              envelope enclosed
_____ Garnishment        _____ Notice of Default Judgment      _____ Duplicate copies of the Notice
_____ Subpoena                                                         and Acknowledgement enclosed

__X__ Other:   CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR JURY TRIAL, EXHIBIT

  Answer Due:  MONDAY NEXT FOLLOWING 20 DAYS FROM DATE OF SERVICE
Documents Sent:  Federal Express      ID#:
  Call Placed:  Direct                Spoke to:  LEFT VM
    Comments:  N/A

Attorney for Claimant:
        AARON PENA, JR.
        1110 S. CLOSNER
        EDINBURG, TX  78539

        210-383-5555

Form Prepared By:  Kathleen Johnson

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

### Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

# COPY

Citation for Personal Service - NON-RESIDENT NOTICE      Lit. Seq. # 5.002.01

### No. 97-10-06476-E

## THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LEVI STRAUSS & CO.
SERVING ITS REGISTERED AGENT
THE PRENTICE HALL CORP. SYSTEM
400 NORTH SAINT PAUL ST.
DALLAS, TEXAS 75201

the _____DEFENDANT____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

; or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on OCTOBER 22, 1997 .  A copy of same accompanies this citation.

The file number of said suit being No. 97-10-06476-E.

The style of the case is:

AMELIA YANEZ
VS.
LEVI STRAUSS & CO.

Said petition was filed in said court by _____HON. AARON PENA, JR._____ (Attorney for _____PLAINTIFF_____), whose address is 1110 SOUTH CLOSNER EDINBURG TEXAS  78539 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 22nd day of OCTOBER , A.D. 1997.

AURORA DE LA GARZA   , DISTRICT CLERK

Case 1:00-cv-00003  Document 1  Filed in TXSD on 06/22/2000  Page 26 of 44

CAUSE NO. 97-10-6476-E

| | | |
|---|---|---|
| AMELIA YANEZ, | § | THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 357Th JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS &. CO. | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

FILED ___O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK

NOV 2 1 1997

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____DEPUTY

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **LEVI STRAUSS & CO.**, Defendant in the above-styled and numbered cause, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, files this its Original Answer, replying to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

Reserving the right to file other and further pleadings, exceptions, and denials, Defendant hereby asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the claims and allegations asserted against Defendant by a preponderance of the evidence, as required by the constitution and laws of the State of Texas.

WHEREFORE PREMISES CONSIDERED, Defendant prays that judgment be entered as follows:

Defendant's Original Answer
to Plaintiff's Original Petition
p. 1

1.    That Plaintiff take nothing by her Original Petition;

2.    That the Original Petition and all claims therein be dismissed and judgment be

entered in favor of Defendant, that said Defendant be awarded all costs, including reasonable

attorneys' fees, and that said Defendant recover such other and further relief, both legal and

equitable, as the court may deem just and proper.

Dated: November 21, 1997                    Respectfully Submitted,

                                            WELLS PINCKNEY & McHUGH
                                            A Professional Corporation
                                            800 One Alamo Center
                                            106 S. St. Mary's Street
                                            San Antonio, Texas 78205
                                            (210) 226-1166 Telephone
                                            (210) 226-1133 Facsimile


                                            Victoria M. Garcia
                                            State Bar No. 07646900
                                            Mario A. Barrera
                                            State Bar No. 01805915
                                            Raquel G. Perez
                                            State Bar No. 00784746

                                            ATTORNEYS FOR DEFENDANT

Defendant's Original Answer
to Plaintiff's Original Petition
p. 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant''s Original Answer to Plaintiff's Original Petition was sent by certified mail-return receipt requested to Aaron Pena, Jr., Aaron Pena & Associates, 1110 S. Closner, Edinburg, Texas 78539 on this the 21st day of November, 1997.

_____
Victoria M. Garcia

421663.1

Defendant's Original Answer
to Plaintiff's Original Petition
p. 3

SENT BY:FAX [210]686-6109      ;11-21-97 ; 4:26PM ; ATLAS & HALL ATTYS.→      2102261133;# 1/ 4

MORRIS ATLAS
ROBERT L. SCHWARZ
VARY GURWITZ
.G. HALL
CHARLES C. MURRAY
A. KIRBY GAVIN
MIKE MILLS
MOLLY THORNBERRY
FREDERICK J. BIEL
REX N. LEACH
LISA POWELL
STEPHEN L. CRAIN
D.C. HAMILTON, JR.
VICKI M. SKAGGS
RANDY CRANE
STEPHEN C. HAYNES
DAN K. WORTHINGTON
VALORIE O. GLASS
HECTOR J. TORRES
SOFIA A. RAMON
DANIEL G. GURWITZ
DAVID E. GIRAULT
JOSÉ CANO
AARON L VELA

# ATLAS & HALL, L.L.P.
### ATTORNEYS AT LAW
### McAllen, Texas 78502-3725
PROFESSIONAL ARTS BUILDING • 818 PECAN
P.O. BOX 3725
(956) 682-5501
FAX (956) 686-6109

## FAX COVER SHEET

**Important:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive the communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

### Please deliver the following pages to:

| Name | Fax# | Confirmation# |
|---|---|---|
| To: Victoria M. Garcia | (210) 226-1133 | (210) 226-1166 |

11-21-97 P04:29 RCVD

**From:** Sofia A. Ramon

**Re:** Yanez vs. Levi Strauss

**Total Number of Pages (Including Cover Sheet):** 4

**Date:** November 21, 1997

**Sent By:** **Time Sent:** 4.29 p

**MESSAGE: FILE STAMPED COPY WILL BE FEDERAL EXPRESSED OUT TODAY AS INSTRUCTED.**

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (210) 682-5501.**

Janie Jurado - Secretary to Sofia A. Ramon

A hard copy:
_____ will follow by mail today.
_____ will not follow by mail.

CAUSE NO. 97-10-6476-E

| | | |
|---|---|---|
| AMELIA YANEZ, | § | THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 357Th JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS &. CO. | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK
NOV 2 1 1997
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **LEVI STRAUSS & CO.**, Defendant in the above-styled and numbered cause, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, files this its Original Answer, replying to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

Reserving the right to file other and further pleadings, exceptions, and denials, Defendant hereby asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the claims and allegations asserted against Defendant by a preponderance of the evidence, as required by the constitution and laws of the State of Texas.

WHEREFORE PREMISES CONSIDERED, Defendant prays that judgment be entered as follows:

Defendant's Original Answer
to Plaintiff's Original Petition
p. 1

1.    That Plaintiff take nothing by her Original Petition;

2.    That the Original Petition and all claims therein be dismissed and judgment be

entered in favor of Defendant, that said Defendant be awarded all costs, including reasonable

attorneys' fees, and that said Defendant recover such other and further relief, both legal and

equitable, as the court may deem just and proper.

Dated: November 21, 1997                    Respectfully Submitted,

                                            WELLS PINCKNEY & McHUGH
                                            A Professional Corporation
                                            800 One Alamo Center
                                            106 S. St. Mary's Street
                                            San Antonio, Texas 78205
                                            (210) 226-1166 Telephone
                                            (210) 226-1133 Facsimile

                                            Victoria M. Garcia
                                            State Bar No. 07646900
                                            Mario A. Barrera
                                            State Bar No. 01805915
                                            Raquel G. Perez
                                            State Bar No. 00784746

                                            ATTORNEYS FOR DEFENDANT

Defendant's Original Answer
to Plaintiff's Original Petition
p. 2

**4**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant"s Original Answer to Plaintiff's Original Petition was sent by certified mail-return receipt requested to Aaron Pena, Jr., Aaron Pena & Associates, 1110 S. Closner, Edinburg, Texas 78539 on this the 21st day of November, 1997.

_Victoria M. Garcia_
Victoria M. Garcia

421663.1

Defendant's Original Answer
to Plaintiff's Original Petition
p. 3

CAUSE NO. 97-10-06476-E

| | | |
|---|---|---|
| AMELIA YANEZ | * | THE 357th DISTRICT COURT |
| | * | |
| | * | |
| VS. · | * | OF |
| | * | |
| | * | |
| LEVI STRAUSS & CO. | * | CAMERON COUNTY, TEXAS |

ORDER SETTING HEARING ON
MOTION FOR TRIAL SETTING

CAME ON the Plaintiff's Motion for Trial Setting in the above named and numbered cause to
be presented to the Court, and the Court having considered the same and being of the opinion that a
hearing should be set, it is therefore,

ORDERED that a hearing be set on Plaintiff's Motion for Trial Setting on the __10th__ day of
__March__, 1999, at __10:30__ o'clock __a__. m.

SIGNED this __5th__ day of __February__, 1999.

_Roselio Valdez_
JUDGE PRESIDING

FILED __4:33__ O'CLOCK __P__
AURORA DE LA GARZA, DIST. CLERK

FEB - 5 1999

DISTRICT COURT, CAMERON COUNTY, TEX.
BY _____ DEPUTY

Copies to:   2/8/99
Hon. Aaron Pena
Hon. Mario Barrera

CAUSE NO. 97-10-6476-E

| | | |
|---|---|---|
| AMELIA YANEZ | • | THE 357TH DISTRICT COURT |
| | • | |
| VS. | • | OF |
| | • | |
| LEVI STRAUSS & CO. | • | CAMERON COUNTY, TEXAS |

AGREED ORDER SETTING TRIAL DATE

IT IS ORDERED that the above named and numbered cause is set for trial before a jury in the 357th District Court of Cameron County, Brownsville, Texas. Such trial to commence at 9:00 o'clock a.m., on the 8th day of November, 1999, with announcements to commence at 9:00 a. m., on the 5th day of November, 1999.

SIGNED this 23rd day of _____ March _____, 1999.

_____
JUDGE PRESIDING

Copies to:   MAR 2 4 1999

AGREED TO:

_____
Aaron Peña, Jr.

_____
Marigo Barrera

FILED 11:30 O'CLOCK A.M
AURORA DE LA GARZA, DIST. CLERK

MAR 2 3 1999

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

Case 1:00-cv-00093   Document 1   Filed in TXSD on 06/22/2000   Page 35 of 44

CAUSE NO. 97-10-6476-E

| | | |
|---|---|---|
| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## AGREED ORDER

On this date came on for consideration the parties' Agreed Motion for Continuance. After reviewing the pleadings, other papers on file and the agreement of counsel, the Court is of the opinion that such Motion is well taken and should be GRANTED. Accordingly, it is,

ORDERED, ADJUDGED and DECREED that the parties' Agreed Motion for Continuance is granted and the previously scheduled trial date for Monday, November 8, 1999, is off the docket.

HONORABLE ROGELIO VALDEZ

Agreed: 9/24/99

Miguel Salinas, Counsel for Plaintiff

Mario A. Barrera, Counsel for Defendant

FILED 1/30 O'CLOCK
AIDA DE LA GARZA, DIST. CLERK
SEP 2 4 1999

PERERGR91326\000156
SAN ANTONIO\495053.1

Case 1:00-cv-00093   Document 1   Filed in TXSD on 06/22/2000   Page 36 of 44

CAUSE NO. 97-10-6476-B

| | | |
|---|---|---|
| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## FIAT

Defendant Levi Strauss & Co.'s Motion for Trial Setting is hereby set for hearing on the

1st day of _December_, 1999, at _10:30_o'clock, in the 357th Judicial District Court, Cameron

County, Texas.

Signed this 18th day of _November_, 1999.

NOV 1 9 1999

Copies to:
Hon. Aaron Pena
Hon. Mario Barrera

_Rogelw Valle_

**JUDGE PRESIDING**

FILED 10:34 O'CLOCK A.
AURORA DE LA GARZA, DIST. CLERK

NOV 1 9 1999

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Fiat is sent by certified mail, return receipt requested, to counsel for Plaintiff, Aaron Peña, Jr., Aaron Peña & Associates, 1110 South Closner, Edinburg, Texas 78539, on the 26th day October, 1999.

_____
Mario A. Barrera

PEZERO\913360\000156
SAN ANTONIO\98253.1

RECEIVED

NOV 2 9 1999

CMPDF - www.texla.com

CAUSE NO. 97-10-6476-E

| | | |
|---|---|---|
| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

AGREED ORDER SETTING TRIAL DATE

On this date came on for consideration the above-styled and numbered cause.

IT IS ORDERED that the above named and numbered case is set for trial before a jury in the

357th District Court of Cameron County, Brownsville, Texas. Such trial to commence at 9:00 a.m.,

on the 8th day of May, 2000, with announcements to commence at 10:30 a.m. on the 5th day of May,

2000.

SIGNED this 6th Day of January 2000.

/S/ Rogelio Valdez
Judge Presiding

AGREED TO:

Aaron Peña, Jr.
State Bar No. 15739010
Aaron Peña & Associates
1110 South Closner
Edinburg, Texas 78539
Telephone: (210) 383-5555
Facsimile: (210) 381-0001

ATTORNEY FOR PLAINTIFF
AMELIA YANEZ

RECEIVED

JAN 1 0 2000

VASQC\913260\000156
SAN ANTONIO\502409.1

_____

Mario A. Barrera
State Bar No. 01805915
Raquel G. Pérez
State Bar No. 00784746
Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

ATTORNEY FOR DEFENDANT
LEVI STRAUSS & CO.

CAUSE NO. 97-10-6476-E

| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## FIAT

Defendant Levi Strauss & Co.'s Motion to Dismiss for Want of Prosecution is hereby set for hearing on the 30th day of ___March___, 2000, at _9:30_ o'clock, in the 357th Judicial District Court, Cameron County, Texas.

Signed this 29th day of ___February___, 2000.

Copies to:        FEB 2 9 2000
Hon. Mario Barrera
Hon. Aron Pena

_Rogelio Valle_
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Fiat is sent by certified mail, return receipt requested, to counsel for Plaintiff, Aaron Peña, Jr., Aaron Peña & Associates, 1110 South Closner, Edinburg, Texas 78539, on the 25th day February, 2000.

_Amber E. Alonso_
Amber E. Alonso

ALONAE\913260\000156
SAN ANTONIO\508973.1

CAUSE NO. 97-10-6476-E

| | | |
|---|---|---|
| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

RECEIVED
APR 17 2000

## AGREED ORDER

On this date came on for consideration Defendant's Motion to Dismiss for Want of Prosecution in the above-referenced cause, and the Court, having considered the record and the agreements of the parties' counsel, finds as follows: (1) there is a current trial setting for this case on May 8, 2000; (2) to date, Plaintiff has not made herself available for deposition; (3) Plaintiff has agreed to make herself available for deposition on or before May 31, 2000; and (4) in light of the Plaintiff's agreement to make herself available by May, 2000, the parties have agreed to reschedule this trial setting for Monday, August 14, 2000.

ACCORDINGLY, it is hereby ORDERED that:

1.     The May 8, 2000, trial setting in this case is hereby canceled;

2.     Trial in this case is rescheduled to commence at 9:00 a.m. on Monday, August 14, 2000, with announcements to commence at 10:30 a.m. on Friday, August 11, 2000.

3.     Plaintiff agrees to make herself available for deposition no later than May 31, 2000; and

4.  If Plaintiff does not make herself available for deposition on or before May 3/,

2000, the law offices of Aaron Peña & Associates will withdraw as Plaintiff's counsel

and Defendant will refile its Motion to Dismiss for Want of Prosecution.

SIGNED this __5__ day of _____April_____, 2000.

_____

Judge Rogelio Valdez

Copies to: 4/11/00

AGREED TO:

_____

Miguel Salinas for
Aaron Peña & Associates

ATTORNEY FOR PLAINTIFF
AMELIA YANEZ

_____

Mario A. Barrera

ATTORNEY FOR DEFENDANT
LEVI STRAUSS & CO.

Agreed Order - Page 2

CAUSE NO. 97-10-6476-E

| AMELIA YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## AGREED ORDER

On this date came on for consideration the parties' Agreed Motion for Continuance. After reviewing the pleadings, other papers on file and the agreement of counsel, the Court is of the opinion that such Motion is well taken and should be GRANTED. Accordingly, it is,

ORDERED, ADJUDGED and DECREED that the parties' Agreed Motion for Continuance is granted and the previously scheduled trial date for Monday, November 8, 1999, is off the docket.

HONORABLE ROGELIO VALDEZ

Agreed: 9/24/99

Miguel Salinas, Counsel for Plaintiff

Mario A. Barrera, Counsel for Defendant

FILED 11:30 O'CLOCK
AURORA DE LA GARZA, DIST. CLERK
SEP 2 4 1999
DISTRICT COURT CAMERON CO. TEXAS

PERER\913260\000156
SAN ANTONIO\495055.1

RUN DATE 06/22/00
RUN TIME 11:38 AM

* * * * C L E R K ' S   E N T R I E S * * * *

00117501

AMELIA YANEZ

VS

LEVI STRAUSS & CO.

HON. AARON PENA, JR.
1110 SOUTH CLOSNER
EDINBURG TEXAS          78539  0000

00431402
MARIO A BARRERA
106 S ST MARY'S ST
SAN ANTONIO TX         78205  0000

(10)
DAMAGES

01/21/99  PASS TO DROP DOCKET
02/05/99  PLTF'S MOTION FOR TRIAL SETTING SET 3/10/99 @ 10:30 A.M. PER
          ORDER SIGNED. RV/IGSM
03/10/99  TRIAL SET 11/8/99 @ 9:00 A.M. WITH ANNOUNCEMENTS 11/5/99 @
          10:30 A.M. RV/SM
03/10/99  TRIAL SET 11/8/99 @ 9:00 A.M. PER ORDER SIGNED. RV/IGSM
03/23/99  AGREED MOTION FOR CONTINUANCE GRANTED AS PER ORDER, RH GARCIA/IG
09/24/99  DEFT LEVI STRAUSS & CO.'S MOTION FOR TRIAL SETTING SET 12/1/99
11/18/99  TRIAL SET 5/8/2000 @ 9:00 A.M. WITH ANNOUNCEMENTS 5/5/2000 @
          10:30 A.M. RV/SM
11/18/99  TRIAL SET 5/8/2000 @ 9:00 A.M. PER ORDER SIGNED. RV/IGSM
12/01/99  TRIAL SET 5/8/2000 @ 9:00 A.M. WITH ANNOUNCEMENTS 5/5/2000 @
          10:30 A.M. RV/SM
01/06/00  TRIAL SET 5/8/2000 @ 9:00 A.M. PER ORDER SIGNED. RV/IGSM
01/06/00  DEFT'S MOTION TO DISMISS SET 3/30/00 @ 9:30 A.M. PER ORDER
          SIGNED. RV/IGSM
02/29/00  HEARING PASSED; TRIAL SET 8/14/00 @ 9:00 A.M. WITH ANNOUNCEMENT
          8/11/00 @ 10:30 A.M. PER ORDER
03/30/00  TRIAL SET 8/14/00 @ 9:00 A.M. WITH ANNOUNCEMENTS 8/11/00 @
04/05/00  TRIAL SET 8/14/00 @ 9:00 A.M. PER ORDER SIGNED. RV/SM
04/05/00  10:30 A.M. PER ORDER SIGNED. RV/IGSM

10/22/97  ORIGINAL PETIT...
10/22/97  PLAINTIFF'S REQ...
10/22/97  CITATION: LEVI...
10/22/97  SERVED: 10/...
11/21/97  JURY FEE: Pd...
11/21/97  ORIGINAL ANSWER...
05/04/98  PLTF., AMELIA...
05/04/98  PRODUCTION TO...
05/04/98  STRAUSS & C...
05/04/98  PLTF., AMELIA...
05/04/98  INTEROG. TO DI...
05/04/98  STRAUSS & C...
05/04/98  PLTF., AMELIA...
05/04/98  REQUESTS FOR A...
05/04/98  DEFT., LEV...
06/02/98  DEFT LEVI STRA...
06/02/98  AND RESPONSES...
06/02/98  DEFT LEVI STRA...
06/02/98  AND RESPONSES...
06/02/98  AMELIA YANE...
06/02/98  PRODUCTION...
06/02/98  REQUESTS FOR A...
06/02/98  DEFT LEVI STRA...
06/02/98  AND RESPONSES...
06/02/98  AMELIA YANE...
06/02/98  INTERROG....
09/09/98  NOTICE OF SUBS...
09/09/98  ATTORNEY WITHD...

Case 1:00-cv-00003   Document 1   Filed in TXSD on 06/22/2000   Page 44 of 44

RUN DATE 06/22/00
RUN TIME 11:38 AM

AMELIA YANEZ

VS

LEVI STRAUSS & CO.

* * * C L E R K ' S   E N T R I E S * * * *

00117501
HON. AARON PENA, JR.
1110 SOUTH CLOSNER
EDINBURG TEXAS            78539 0000            (10)

00431402
MARIO A BARRERA
106 S ST MARY'S ST
SAN ANTONIO TX            78205 0000            DAMAGES

09/09/98    GARCIA
            SUBSTITUTED
01/21/99    DROP DOCKET NO'
02/03/99    MOTION TO REIN
            (IGARCIA)
09/07/99    NOTICE OF SUBS'
            COUNSEL(IGARCIA
09/23/99    AGREED MOTION :
09/23/99    NOTICE OF FIL
10/29/99    AND AFFIDAVIT(
            MOTION FOR TRI
11/22/99    MOTION FOR TRI
01/26/99    NOTICE OF INTE
            UPON ORAL EXAM.
01/26/00    VIDEOTAPE O
            JR(IGARCIA)
02/28/00    DEFT'S MTN TO I
            PROSECUTION(IG
03/08/00    DEFT LEVI STRA
            DESIGNATION OF
03/08/00    (IGARCIA)
06/21/00    DEFT'S RULE 16
            FOR SUMMARY JU

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY _____ DEPUTY

DISTRICT COURT ★ CAMERON
COUNTY, TEXAS
★ STATE ★

CutePDF - www.tevia.com