IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 07 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AMELIA YANEZ | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-093 |
| | * | |
| | * | |
| LEVI STRAUSS & CO. | * | |

## PLAINTIFF'S MOTION TO REMAND
## AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMELIA YANEZ , plaintiff in this action, and pursuant to 28 U.S.C. §1447(c), respectfully requests that this Court enter an order remanding this action to the 357th District Court of Cameron County, Texas, on grounds other than lack of subject matter jurisdiction in that notice of removal was not timely filed and that it impose sanctions on defendant for court costs, expenses, and attorney's fees. The evidence herein that is incorporated by reference supports this motion and shows unto the Court the following:

### I.
### PROCEDURAL HISTORY

1. On October 22, 1997, plaintiff filed her original petition in the 357th District Court of Cameron County, Texas.

2. On October 30, 1997, Defendant Levi Strauss & Co. was served with process of plaintiff's lawsuit.

3. On May 23, 2000, plaintiff was deposed by defendant.

4. On June 22, 2000, defendant filed its Notice of Removal.

5. On August 14, 2000, this case is set for trial in the 357th District Court of

Cameron County, Texas.

II.
UNTIMELY NOTICE OF REMOVAL

1.      Defendant claims that this cause is removable and that this court has

jurisdiction over the merits of plaintiff's cause of action; however, defendant did not timely

file notice of removal.  Defendant's failure to follow the proper steps in removing this lawsuit

justifies remand back to the 357th District Court of Cameron County, Texas.

2.      If a suit is removable at the time that it was initially filed, a defendant must file

notice of removal within 30 days of the date the defendant received summons and a copy of

initial pleading.  See 28 U.S.C §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

119 S.Ct. 1322, 1325 (1999).  Defendant was served and noticed of plaintiff's lawsuit on

October 30, 1997.  *(See Exhibit A)*  The defendant's Notice of Removal contends that the

absence control policy, which was initially referred to in Plaintiff's Original Petition, justifies

removal of this action through preemption under the Labor Management Relations Act after

it learned of it in plaintiff's deposition.  *(See Exhibit B)*  Specifically, in support of removal,

defendant argues that *"during Plaintiff's deposition . . . it became evident for the first time that*

*Plaintiff's claim was preempted by §301 of the LMRA.  Specifically, Plaintiff testified that LS&CO.*

*violated her rights when it applied the policies set forth in the CBA . . . ."  (See Exhibit B, pg. 4)*  This

is not true.  Defendant was put on notice that the absence control policy of the CBA was in

issue at the time it was served with the lawsuit.  The allegations in the initial petition put

defendant on notice of a dispute regarding defendant's *"absence control policy which is*

*discriminatory on its face and discriminatorily applied to impact on individuals such as plaintiff."*
*(See Exhibit A, pg. 2)*

3.     Therefore, it was on October 30, 1997 that the 30-day time limitation for filing notice of removal was triggered requiring that defendant file his notice of removal on or about November 30, 1997.  Defendant contends it first learned of plaintiff's claims during the May 23, 2000 deposition of plaintiff.  However, plaintiff didn't allege new claims in this deposition, but only those that were already alleged in her petition.

4.     Thus, plaintiff objects to the removal of this cause since defendant's right to removal has lapsed by nearly three (3) years thereby prejudicing plaintiff causing her severe injustice, delay, and hardship in prosecuting this action in multiple arenas and accruing unnecessary costs, expenses, and attorney's fees.

## III.
## SANCTIONS

1.     Thus, plaintiff asks that this court impose sanctions, or in the alternative, hold defendant responsible for intentionally and improperly removing this cause knowing that it was not timely and would cause injustices to plaintiff in the form of unnecessary delay, court costs, expenses, and attorney's fees.

2.     Plaintiff herein requests that this court impose sanctions on defendant by granting plaintiff costs of court, expenses, and attorney's fees due to defendant's improper attempt to remove this cause of action nearly three (3) years late and prior to trial in an attempt to cause unnecessary delay and prejudice to plaintiff.  This court can impose sanctions if the document has been presented for an improper purpose such as to cause

harassment or unnecessary delay or expense.  *See* FRCP 11(b)(1); *Sheets v. Yamaha Motors, Inc.*, 891 F.2d 533, 538 (5th Cir. 1990).  Defendant was served with notice of plaintiff's allegations in 1997.  Today, defendant attempts to remove this cause just prior to trial in an attempt to cause plaintiff severe prejudice in the form of unnecessary delay, courts costs, expenses, and attorney's fees.  This attempt to prejudice plaintiff justifies the imposition of sanctions by this court.

3.      Alternatively, costs of court, expenses, and attorney's fees should be granted to plaintiff in that they are allowed by law due to defendant's improper attempt to remove this action.  28 U.S.C §1447(c); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315.  It is not necessary for the court to find bad faith or improper purpose before it can award attorney's fees upon remand for erroneous removal.  *Mirante v. Lee*, 3 F.3d 925, 928-929 (5th Cir. 1993); *Dalske v. Fairfield Comms., Inc.*, 17F.3d 321, 324 (10th Cir. 1994).

4.      Thus, plaintiff asks that this court impose sanctions, or in the alternative, hold defendant responsible for intentionally and improperly removing this cause knowing that it was not timely and would cause injustices to plaintiff in the form of unnecessary delay, court costs, expenses, and attorney's fees.

III.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this case be remanded to the 357th District Court of Cameron County, Texas, and that this court grant it costs of court, expenses, and attorney's fees and all other relief to which she may be justly entitled.

Respectfully submitted,

AARON PENA & ASSOCIATES
ATTORNEYS AT LAW
1110 S. Closner
Edinburg, Texas 78539
(956) 383-5555  Telephone
(956) 381-0001  Telefax

BY: _____   NO
AARON PENA, JR.          Fed. I.D.
STATE BAR NO. 15739010
MICHAEL PRUNEDA          NO
STATE BAR NO. 24025601   Fed. I.D.

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has this day been mailed by certified mail, return receipt requested to the following attorney of record:

Mario A. Barrera
BRACEWELL & PATTERSON
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-3603

CMRRR 7099 3220 0003 3678 2904

On this 7th day of July, 2000.

MICHAEL PRUNEDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| AMELIA YANEZ | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-093 |
| | * | |
| | * | |
| LEVI STRAUSS & CO. | * | |

## <u>ORDER SETTING HEARING</u>

      **CAME ON** for consideration the Plaintiff's Motion to Remand, and after reviewing same, the Court is of the opinion that said motion should be set for hearing, it is therefore

      **ORDERED** that Plaintiff's Motion to Remand is hereby set for hearing in the Courtroom of the U.S. District Court for the Southern District of Texas, sitting at Brownsville, Texas on the _____ day of _____, 2000, at _____ o'clock __.m.

      Signed for entry at Brownsville, Texas, on this _____ day of _____, 2000.


_____
**JUDGE PRESIDING**


Michael Pruneda, AARON PENA & ASSOCIATES, 1110 South Closner, Edinburg, Texas 78539
Mario A. Barrera, BRACEWELL & PATTERSON, 800 One Alamo Center, 106 S. St. Mary's Street, San Antonio, Texas 78205-3603

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

AMELIA YANEZ                          *
                                      *
VS.                                   *        CIVIL ACTION NO. B-00-093
                                      *
                                      *
LEVI STRAUSS & CO.                    *

## ORDER OF REMAND

This cause having come for hearing on the Plaintiff's Motion to Remand this action to the 357th District Court of Cameron County, Texas, and the Court having considered the arguments of counsel and briefing of same, it appears that grounds other than lack of subject matter jurisdiction exist in that notice of removal was defective.

THEREFORE, it is ordered that the Plaintiff's Motion to Remand be GRANTED, and that this action be REMANDED to the 357th District Court of Cameron County, Texas.

Signed for entry at Brownsville, Texas, on this _____ day of _____, 2000.

                    _____
                    JUDGE PRESIDING

Michael Pruneda, AARON PENA & ASSOCIATES, 1110 South Closner, Edinburg, Texas 78539
Mario A. Barrera, BRACEWELL & PATTERSON, 800 One Alamo Center, 106 S. St. Mary's Street, San Antonio, Texas 78205-3603

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

AMELIA YANEZ                    *
                                *
VS.                             *        CIVIL ACTION NO. B-00-093
                                *
                                *
LEVI STRAUSS & CO.              *

## ORDER IMPOSING SANCTIONS

This cause having come for hearing on the Plaintiff's Motion to Remand and for Sanctions, and the Court having considered the arguments of counsel and briefing of same, it appears that grounds exist to impose sanctions on defendant in the amount of $_____.

THEREFORE, it is ordered that the Plaintiff's Motion for Sanctions be GRANTED in the amount stated above.

Signed for entry at Brownsville, Texas, on this _____ day of _____, 2000.


_____
JUDGE PRESIDING


Michael Pruneda, AARON PENA & ASSOCIATES, 1110 South Closner, Edinburg, Texas 78539
Mario A. Barrera, BRACEWELL & PATTERSON, 800 One Alamo Center, 106 S. St. Mary's Street, San Antonio, Texas 78205-3603



COPY

FILED _O_:__ O'CLOCK ___ _M
AURORA DE LA GARZA DIST. CLERK

OCT 22 1997

David Rodriguez

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. _97-10-6476-E_

| | | |
|---|---|---|
| AMELIA YANEZ | * | THE _357th_ DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| LEVI STRAUSS & CO. | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, AMELIA YANEZ, hereinafter referred to as plaintiff, complaining of LEVI STRAUSS & CO., hereinafter called by name or as defendant, and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### VENUE AND JURISDICTION

Plaintiff, AMELIA YANEZ is a resident of Cameron County, Texas

Defendant, LEVI STRAUSS & CO., is a foreign corporation formed under the laws of another state, but said Defendant has obtained a certificate of authority, and is duly authorized to transact business in the State of Texas, and may be served with process herein by serving its registered agent, The Prentice Hall Corporation System, located at 400 North Saint Paul St., Dallas, Texas 75201. Service of Citation is Requested through personal service.

Venue is proper in Cameron County, Texas in that the incidents the basis of this cause of action occurred in Cameron County.

### II.
### FACTUAL ALLEGATIONS

On or about March 21, 1990, Plaintiff accepted employment with LEVI STRAUSS & CO. During her employment, plaintiff performed all of the duties assigned to her with loyalty, dedication and hard work. On or about May 27, 1994, while in the course of her employment with LEVI STRAUSS & CO., plaintiff received an on the job injury. Plaintiff thereafter, took steps towards beginning her worker's compensation claim when she reported her injury to her employer and later sought medical treatment for such injury. Due to the nature of these injuries defendant notified its workers' compensation carrier to pay for plaintiff's medical expenses. On or about November 1, 1995, plaintiff was wrongfully discharged by a management employee of the defendant corporation. Plaintiff asserts that the true reason she was fired was because she in good faith instituted a claim and took other protected steps under the Workers' Compensation Act.

_8307C/LEVIS-AY.PET/ER_

1



EXHIBIT "A"

tGD OCT 27 1997

Plaintiff further asserts and intends to prove that the treatment she received was a pattern and practice engaged in by the Defendant corporation towards the Plaintiff and others similarly situated. This unwritten plan or scheme to discriminate and/or terminate against employees, taking protected steps under the Worker's Compensation Act, included the use of an absence control policy which is discriminatory on its face and discriminatorily applied to impact on individuals such as Plaintiff.

## III.
## WORKER'S COMPENSATION RETALIATION

Plaintiff, AMELIA YANEZ, accepted employment with the defendant corporation, LEVI STRAUSS & CO. During her employment, plaintiff performed all of the duties assigned to her with loyalty, dedication and hard work.

On or about May 27, 1994, while an employee of the defendant corporation, plaintiff was injured in the course of her employment. As a result of this injury, the plaintiff initiated and thereafter filed a Workers' Compensation Claim. Plaintiff further took other protected steps to obtain the benefits permitted under the Texas Workers' Compensation Act. Plaintiff would further show that defendants, habitually and repeatedly engaged in a series of similar acts constituting a continuing violation of the rights of the Plaintiff from the time of her injury to her firing. The defendant was and is a subscribing employer under the Texas Workers' Compensation Act.

On or about November 1, 1995, the Plaintiff was terminated as the culmination of discriminatory conducted directed against her, by the Defendant because she exercised her rights under the Texas Workers' Compensation Act. Plaintiff alleges that her termination was a part of a larger unwritten plan or scheme of the defendant corporation to discriminate against injured employees of the defendant corporation.

The Defendant, their agents, servants, and employees, discharged or in some other manner, discriminated against the Plaintiff because she in good faith, filed a claim, hired an attorney to represent her in a claim, or caused to be instituted, in good faith, any proceeding under the Texas Workers' Compensation Act. The conduct of the Defendant is a violation of the workers compensation retaliation statute (previously Article 8307c, currently Tex. Labor Code, Section 451.001) which states:

§ 451.001 Labor Code
"A person may not discharge or in any manner discriminate against an employee because the employee has:

(1)     filed a workers' compensation claim in good faith;
(2)     hired a lawyer to represent the employee in a claim;
(3)     instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
(4)     testified or is about to testify in a proceeding under Subtitle A."

As a result of the discriminatory treatment, her ultimate termination and the acts described herein, the Plaintiff has suffered damages as alleged in this petition.

CBSPDF - www.fwxis.com

# IV.
## ACTUAL DAMAGES

As a result of the incidents described above, that made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to her occupation and thereby suffered loss of income for which she hereby sues. In all reasonable probability her loss of income will continue long into the future, if not for the balance of plaintiff's natural life, all to her damage for which she hereby sues.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural life.

# V.
## EXEMPLARY DAMAGES

The conduct of the defendant, set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. Because of spite, ill will and malicious intent held by the defendant's management towards the plaintiff, such management acting in a willful and intentional manner, committed acts calculated to cause injury and/or damage to the plaintiff. The Defendant accordingly acted with malice, actual malice and/or specific intent to injure the plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the defendant and its management in the future. Accordingly, plaintiff requests that punitive damages be awarded against the defendant as a result of their egregious violation of the law.

WHEREFORE PREMISES CONSIDERED, plaintiff prays that the Honorable Court grant the following:

a). Judgment against Defendant for Plaintiff's Damages;

b). Punitive Damages;

c). Prejudgment interest as allowed by law;

d). Interest on said judgment at the legal rate from date of judgment;

e). For costs of suit herein;

f). Such other relief as the Court deems proper.

Respectfully submitted,

**AARON PENA & ASSOCIATES**
**ATTORNEYS AT LAW**
**1110 S. Closner**
**Edinburg, Texas 78539**
**(210) 383-5555 Telephone**
**(210) 381-0001 Telefax**

**BY:**

*AARON PEÑA, JR.*
**STATE BAR NO. 15739010**

---

*8307C/LEVIS-AY.PET/ER*                              4

CAUSE NO. _97-10-6476-E_

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

OCT 22 1997

DISTRICT COURT OF CAMERON COUNTY, TEXAS
David Rodriguez ___ DEPUTY

| | | |
|---|---|---|
| AMELIA YANEZ | * | THE 357th DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| LEVI STRAUSS & CO. | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR JURY TRIAL

NOW COMES PLAINTIFF AMELIA YANEZ, requesting that a jury trial be held on said

cause. Pursuant to Rule 216 of the Texas Rules of Civil Procedure a jury fee in the sum of $30.00 has

been paid to the District Clerk's office.  A copy of the thirty dollar check paid for the jury fee is

attached as exhibit "A".

Respectfully submitted,

AARON PENA & ASSOCIATES
ATTORNEYS AT LAW
1110 S. Closner
Edinburg, Texas  78539
(210) 383-5555  Telephone
(210) 381-0001  Telefax

BY: _____
AARON PEÑA, JR.
STATE BAR NO.  15739010

ATTORNEY FOR PLAINTIFF

Citation for Personal Service – NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

**ORIGINAL**

No. 97-10-06476-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LEVI STRAUSS & CO.
    SERVING ITS REGISTERED AGENT
    THE PRENTICE HALL CORP. SYSTEM
    400 NORTH SAINT PAUL ST.
    DALLAS, TEXAS 75201

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on OCTOBER 22, 1997 .  A copy of same accompanies this citation.

The file number of said suit being No. 97-10-06476-E.

The style of the case is:

AMELIA YANEZ
VS.
LEVI STRAUSS & CO.

Said petition was filed in said court by        HON. AARON PENA, JR.
(Attorney for        PLAINTIFF        ), whose address is
1110 SOUTH CLOSNER EDINBURG TEXAS  78539                              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 22nd day of OCTOBER , A.D. 1997.

AURORA DE LA GARZA        , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ , Deputy
    David Rodriguez

R E T U R N   O F   O F F I C E R

ame to hand the __29__ day of __October__, 19_97_, at _1.00_ o'clock _P_.M., and

executed (~~not executed~~) on the __30__ day of __October__, 19_97_, by delivering to

ev: _Strauss & Company By Delivering To Prentice Hall_
_orporation By Kathleen Schuson_ in person a true copy of this Citation,

pon which I endorsed the date of delivery, together with the accompanying copy

f the _Plantiffs Original Petition_ .

~~ause of failure to execute this citation is:~~ _____

EES serving 1 copy                    JEREMY R. HICKS

otal....... $_____        ~~Sheriff/constable~~ _Travis_ County,

ees paid by:_____   By _____ Deputy

SUBSCRIBED AND SWORN TO ME
ON THE _30_ DAY OF _Oct_, 19_97_

_____
NOTARY PUBLIC

SANDY HARPER
NOTARY PUBLIC STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 4, 1998

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

NOV 1 3 1997

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____DEPUTY

United States District Court
Southern District of Texas
RECEIVED

**JUN 2 2 2000**

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMELIA YANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **B -00 - 093** |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LEVI STRAUSS &. CO., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Levi Strauss & Co. (hereinafter "LS&CO.") removes this cause from the 357th

Judicial District Court of Cameron County, Texas, to the United States District Court for the

Southern District of Texas, Brownsville Division, on the grounds of federal question jurisdiction,

28 U.S.C. § 1331, based on the following:

1.    The instant case presents preemption issues under the Labor Management Relations

Act, 29 U.S.C. § 185 (hereinafter "LMRA"), that are nearly identical to the issues presented in three

other cases being litigated by the same counsel of record as in the present case: *Agustina Trevino,*

*et al., Plaintiffs-Appellants v. Mike Ramos, Defendant and Levi Strauss & Co., Defendant-Appellee,*

Appeal No. 97-41493, which is currently pending before the Fifth Circuit Court of Appeals,

*Consuelo Cordova v. Levi Strauss & Co.*, Civil Action No. M-99-051, which is currently pending

in the United States District Court for the Southern District of Texas, McAllen Division; and *Maria*

*Flores v. Levi Strauss & Co.*, Civil Action No. M-99-215, which was pending in the United States

District Court for the Southern District of Texas, McAllen Division but remanded to Hidalgo County

District Court on June 6, 2000.  *Trevino, Cordova* and *Flores* all involve former employees of

LS&CO. who were employed at its McAllen plant and terminated pursuant to the leave of absence

FALCON-DALLAS, TX

EXHIBIT
"B"

provisions in a collective bargaining agreement (hereinafter "CBA") entered into between LS&CO. and the Union of Needle Trades, Industrial and Textile Employees (hereinafter "UNITE").

2.     In *Trevino*, the Fifth Circuit issued a decision on December 7, 1999, holding, without analysis, that the § 451 claims raised therein were not preempted by the LMRA.  Because the ruling in *Trevino* was contrary to established Fifth Circuit authority, LS&CO. immediately filed a Petition for Rehearing *en banc* on December 20, 1999.  In the six (6) months that LS&CO.'s Petition for Rehearing has been pending, the Fifth Circuit has requested and reviewed the record including the oral argument tape(s) and accepted an amicus curiae brief on the issue.  Although neither party can predict the Fifth Circuit's outcome in *Trevino*, it is clear that they are carefully considering LS&CO.'s Petition for Rehearing.  In *Cordova* meanwhile, Magistrate Judge Peter Ormsby has scheduled oral arguments on June 28, 2000 with respect to dispositive motions filed by both parties concerning the issues currently pending in *Trevino*.  Finally in *Flores*, LS&CO. is evaluating its remedies in order to preserve the issues that are currently pending before the Fifth Circuit in *Trevino*.

3.     In the present case, Plaintiff filed her Original Petition in Cameron County District Court on October 22, 1997.  Defendant was served with Plaintiff's Original Petition on October 30, 1997.  Defendant timely filed its Original Answer in state district court on November 21, 1997.  On May 23, 2000, Defendant took the Plaintiff's deposition and for the first time, it became apparent that federal question jurisdiction exists in this case.[1]

4.     In her Original Petition, Plaintiff alleges wrongful discharge by Defendant LS&CO. in violation of Chapter 451 of the Texas Labor Code (formerly Article 8307c).  Plaintiff's claim,

---

[1] LS&CO. would show the Court that it repeatedly attempted to take Plaintiff's deposition but was unsuccessful in doing so.  It was not until LS&CO. filed Defendant's Motion to Dismiss for Want of Prosecution in which the Court ruled Plaintiff had to make herself available for deposition by May 31, 2000 or Defendant would be permitted to reurge its Motion to Dismiss.

however, is preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").

5.     While employed by LS&CO., the terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement between LS&CO. and UNITE, a copy of which is annexed hereto under Tab 1.

6.     At the time of her termination on November 2, 1995, Plaintiff was on a leave of absence. The CBA provides, *inter alia,* that employees may be placed on a leave of absence for personal illness or accident up to a maximum of twelve (12) months. On October 31, 1994, Plaintiff's doctor restricted her from performing any work and consequently, LS&CO. placed her on a leave of absence effective November 1, 1994. On November 2, 1995, Plaintiff had still not been released by her doctor to return to work without restrictions. Accordingly, LS&CO. made the decision to terminate Plaintiff's employment in accordance with the twelve month leave of absence policy contained in the CBA. *See* deposition excerpts of Conrado Alvarado, annexed hereto under Tab 2.

7.     Article XI of the CBA provides in relevant part that:

A leave of absence may be granted to an employee upon written request not to exceed thirty (30) days for illness or accident suffered by the employee or a serious illness or accident to a member of his immediate family. The Company may extend leaves of absences for additional thirty (30) day periods up to a maximum leave period of (12) months. Leaves of absence for personal reasons may be granted by the Company.

(*See* Tab 1).

8.     Article V, Section 8, of the CBA provides, in relevant part, that:

. . . should an employee experience a serious accident which results in physical limitations, which prevent an employee from performing the assigned job or operation, the parties hereto shall meet and discuss what, if any, special job assignment consideration such employee may need.

(*See* Tab 1).

-3-

9.     Another applicable provision of the CBA – Article V, Section 9 – provides in relevant part that:

An employee's seniority shall terminate when he/she:

    b)     Fails to return to work after a lay-off or expiration of a leave of absence

    c)     Is absent for three (3) consecutive days without notifying the Company,

(See Tab 1).

10.     As noted above, during Plaintiff's deposition, which was taken on May 23, 2000, it became evident for the first time that Plaintiff's claim was preempted by § 301 of the LMRA. Specifically, Plaintiff testified that LS&CO. violated her rights when it applied the policies set forth in the CBA because she was unaware of such policies at the time she was terminated:

Q:     You were aware that Levi Strauss had a policy that said you could not be out in excess of 12 months; correct?

A:     That policy got effected on that year.

Q:     Okay

A:     In that year.

Q:     But you knew they had the policy?

A:     No, I didn't know until that - - that same day they told me.

Q:     Okay.

A:     Of that knew policy. [sic]

(P. Dep. at pp. 151).  See Plaintiff's deposition excerpts attached at Tab 3

. . .

-4-

Q:     Okay.  Do you think they violated anything - - any part of this policy by terminating you after 12 months?

A:     I don't know about the policy, but they did violate my rights.

Q:     Okay. But - - okay.

A:     By not letting me know about that.

(P. Dep. at pp. 154).  See Plaintiff's deposition excerpts attached at Tab 3.

. . .

Q:     Do you think that they violated your rights by applying these policies to you?

A:     <u>Yeah.</u>

Q:     By - -

A:     <u>At the last moment, yes.</u>

Q:     Okay.  What do you mean "at the last moment"?

A:     I didn't know about that.  Right now you telling me about it, so - -

Q:     Okay.  So, you're saying by applying these to you, because you didn't know about them, even though they're in the collective bargaining agreement, they violated your rights; correct?

A      <u>Yes.</u>

(P. Dep. at pp. 157-158).  See Plaintiff's deposition excerpts attached at Tab 3.

. . .

Q:     When you say that, you're talking about section 8 accommodations; right?

A:     Section 8 accommodations.

Q:     Do you think they violated this contract by not discussing a special accommodation with you?

A:     <u>Yes.</u>

Q:     And is that part of your complaint in this lawsuit?

A:     Yes, if it's company policy.

Q:     Okay.  And you said that you didn't - - that you thought by applying these policies
       to you like the 12-month policy, that they violated your rights?

A:     <u>Right.</u>

Q:     When we say these policies, we're talking about the policies in the union contract'?

A:     <u>Right.</u>

(P. Dep. at 159-160).  See Plaintiff's deposition excerpt's attached at Tab 3

       11.     The above testimony during Plaintiff's deposition clearly demonstrates that this case

will require interpretation of the collective bargaining agreement.  The claim at issue in this lawsuit

thus presents a classic case of federal labor law preemption.  It is well established federal law that

the preemptive force of Section 301 of the LMRA is so powerful that it completely preempts a field

of state law.  Accordingly, a purported state law cause of action which is governed by a collective

bargaining agreement must be recharacterized as a federal cause of action and is therefore removable

to federal court.  E.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

       12.     The Fifth Circuit has held that the preemption doctrine is applicable in cases asserting

§ 451 claims.   In *Medrano v. Excel Corp.*, 985 F.2d 230 (5th Cir.), *cert. denied*, 510 U.S. 822

(1993), the court held that a § 451 claim was preempted by § 301.

       "No matter in what glamourous garb it is dressed, the basic thrust" of Medrano's
       claim is that the enforcement of the settlement provision of the CBA "itself
       constitutes a tort under state law."

*Id.* at 234 (quoting *Strachan v. Union Oil Co.*, 768 F.2d 703, 704 (5th Cir. 1985)).  Three years later,

the Fifth Circuit again found preemption of a § 451 claim noting that "[i]n his deposition, Thomas

-6-

repeatedly testified that the basis for his wrongful discharge claim was the interpretation and application of the APA." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). *See also Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996), *cert. denied*, 117 S.Ct 171 (1996). Accordingly, Plaintiff's claim of wrongful discharge is preempted by federal law because its adjudication is inextricably intertwined with a collective bargaining agreement and Plaintiff's employment was terminated pursuant to the collective bargaining agreement.

13.    A transcript of deposition testimony constitutes "other paper" for purposes of removal under § 1446(b) of the removal statute. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). This Notice of Removal is being filed within thirty (30) days within Plaintiff's oral deposition, from which it first became ascertainable that this case is removable under 28 U.S.C. § 1446(b), and is therefore timely.

14.    Copies of all process, pleadings asserting causes of action, all answers to such pleadings and orders signed by the state court judge are annexed hereto at Tab 4. No other process, pleadings or orders have been served or filed in this cause with the Clerk of the District Court of Cameron County. Pursuant to Local Rule 3.K., a copy of the docket sheet, index of matters being filed, and a list of counsel are also annexed at Tab 5 and filed with this Notice of Removal.

15.    This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it is an action over which the United States District Court has original jurisdiction because Plaintiff's claim of discriminatory termination under Chapter 451 of the Texas Labor Code is completely preempted by § 301 of the Labor Management Relations Act. Venue is proper in this Court because the allegations in Plaintiff's Original Petition arise out of facts alleged to have occurred within the jurisdiction of the United States District Court for the Southern District of Texas, Brownsville

Division, and this action has been removed to the district and division within which the action was pending in state court as required by 28 U.S.C. § 1446(a).

16.     Defendant is filing a copy of this Notice of Removal with the Clerk of the District Court of Cameron County, thereby effecting removal pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant respectfully requests that the action now pending in the 357th Judicial District Court of Cameron County, Texas, as above-mentioned, be removed therefrom to the United States District Court for the Southern District of Texas, Brownsville Division, and that the state court take no further action unless and until this action is remanded.

Dated:  June 22 2000                    Respectfully submitted,


                                        _Mario A. Barrera w/permission of atty in charge Mario Barrera_
                                        Mario A. Barrera
                                        Attorney-in-Charge
                                        State Bar No. 01805915
                                        Southern Dist. No. 2238
                                        Amber Alonso
                                        State Bar No. 00793254
                                        Southern Dist. No. 22103
                                        BRACEWELL & PATTERSON, L.L.P.
                                        800 One Alamo Center
                                        106 South St. Mary's Street
                                        San Antonio, Texas 78205
                                        Telephone:  (210) 226-1166
                                        Facsimile:  (210) 226-1133

                                        ATTORNEYS FOR DEFENDANT
                                        LEVI STRAUSS & CO.

                        ## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the above and foregoing Notice of Removal
will be hand delivered to Aaron Peña, Jr., Aaron Peña & Associates, 1110 South Closner, Edinburg.
Texas 78539 on the 22 day of June, 2000.


                                        _Mario A. Barrera w/permission of atty in charge Mario Barrera_
                                        Mario A. Barrera


520191.1