

United States District Court
Southern District of Texas
FILED

JUL 2 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

AMELIA YANEZ            *

                                *

VS.                         *       CIVIL ACTION NO. B-00-093

                                *

                                *

LEVI STRAUSS & CO.        *

## PLAINTIFF'S AMENDED MOTION TO REMAND
## AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

       COMES NOW, AMELIA YANEZ , plaintiff in this action, and pursuant to 28

U.S.C. §1447(c), respectfully requests that this Court enter an order remanding this

action to the 357th District Court of Cameron County, Texas, on either grounds other

than lack of subject matter jurisdiction in that notice of removal was not timely filed or

based on subject matter jurisdiction through preemption and that it impose sanctions

on defendant for court costs, expenses, and attorney's fees. The evidence herein that is

incorporated by reference supports this motion and shows unto the Court the

following:

I.
### PROCEDURAL HISTORY

1. On October 22, 1997, plaintiff filed her original petition in the 357th

     District Court of Cameron County, Texas.

2. On October 30, 1997, Defendant Levi Strauss & Co. was served with

     process of plaintiff's lawsuit.

3. On May 23, 2000, plaintiff was deposed by defendant.

1

4.  On June 22, 2000, defendant filed its Notice of Removal.

5.  On August 14, 2000, this case is set for trial in the 357th District Court of
Cameron County, Texas.

## II.
## UNTIMELY NOTICE OF REMOVAL

1.      Defendant claims that this cause is removable and that this court has
jurisdiction over the merits of plaintiff's cause of action; however, defendant did not
timely file notice of removal.  Defendant's failure to follow the proper steps in
removing this lawsuit justifies remand back to the 357th District Court of Cameron
County, Texas.

2.      If a suit is removable at the time that it was initially filed, a defendant
must file notice of removal within 30 days of the date the defendant received
summons and a copy of initial pleading.  See 28 U.S.C §1446(b); *Murphy Bros., Inc. v.
Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1325 (1999).  Defendant was served and
noticed of plaintiff's lawsuit on October 30, 1997.  *(See Exhibit A)*  The defendant's
Notice of Removal contends that the absence control policy, which was initially
referred to in Plaintiff's Original Petition, justifies removal of this action through
preemption under the Labor Management Relations Act after it learned of it in
plaintiff's deposition.  *(See Exhibit B)*  Specifically, in support of removal, defendant
argues that *"during Plaintiff's deposition . . . it became evident for the first time that
Plaintiff's claim was preempted by §301 of the LMRA.  Specifically, Plaintiff testified that
LS&CO. violated her rights when it applied the policies set forth in the CBA . . . ."*  (See
Exhibit B, pg. 4)  This is not true.  Defendant was put on notice that the absence

2

control policy of the CBA could have been an issue at the time it was served with the lawsuit. The allegations in the initial petition put defendant on notice of a potential dispute regarding defendant's *"absence control policy which is discriminatory on its face and discriminatorily applied to impact on individuals such as plaintiff."* *(See Exhibit A, pg. 2)*

3.    Therefore, it was on October 30, 1997 that the 30-day time limitation for filing notice of removal was triggered requiring that defendant file his notice of removal on or about November 30, 1997. Defendant contends it first learned of plaintiff's claims during the May 23, 2000 deposition of plaintiff. However, plaintiff didn't allege new claims in this deposition, but only those that were already alleged in her petition.

4.    Thus, plaintiff objects to the removal of this cause since defendant's right to removal has lapsed by nearly three (3) years thereby prejudicing plaintiff causing her severe injustice, delay, and hardship in prosecuting this action in multiple arenas and accruing unnecessary costs, expenses, and attorney's fees.

## III.
## PRE-EMPTION

1.    The defendant's assertion that this Section 451 retaliation claim is for all purposes a claim under the Labor Management Relations Act of 1947 ("LMRA") because it requires interpretation of a collective bargaining agreement ("CBA") is contrary to law.

2.    Section 451.001 of the Texas Labor Code states:

3

> A person may not discharge or in any other manner discriminate against an employee because the employee has (1) filed a workers' compensation claim in good faith . . . .

The Texas Legislature enacted the Texas Workers' Compensation Act "to protect persons who are entitled to benefits under the Workers' Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits." *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex. 1980).

3.   28 U.S.C §1445(c) provides that:

> [a] civil action in any State Court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

This federal statute has been strictly interpreted by the courts of the United States and more importantly—the Fifth Circuit. "This section 'reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition. [W]orkers' compensation cases 'have little real business in a federal court' ." *Kay v. Home Indemnity Co.*, 337 F.2d 898, 901-902 (5th Cir. 1964).

4.   Most recently, this very issue was decided once again by the Fifth Circuit in *Trevino v. Ramos*, 197 F.3d 777 (5th Cir. 1999) (*petition for rehearing denied June 26, 2000*).   The *Trevino* court reasoned that "[i]n order to recover under §451.001, an employee must show that the employer's discriminatory action 'would not have occurred when it did had the workers' compensation claim not been filed.' " *Id.* at 780.   The court also went onto reason that "[t]his purely factual question centers on the employee's conduct and the employer's motivation. 'Neither of these elements requires a court to interpret any term of a collective-bargaining agreement.'

4

An employer must show that it had a non-retaliatory reason for the discharge. This question also does not 'turn on the meaning of any provision of a collective-bargaining agreement.' *Id.* This is analogous to the facts of the case before us. Plaintiff claims that defendant retaliated against her by discriminating and ultimately firing her because she suffered an injury and instituted a workers' compensation claim. The factual allegations made by plaintiff warrant resolution by a jury in light of live testimony, documents and things, and credibility—not the terms of a collective bargaining agreement.

5.    *Trevino* also went on to further illustrate this issue of law. "Even if plaintiff's retaliatory discharge claim implicated the CBA, that fact would not necessarily require preemption. A plaintiff's state law claims will not be preempted even when they are 'intertwined' with a CBA, so long as they are not 'inextricably intertwined' with it." *Id. (citing Jones v. Roadway Express, Inc.,* 936 F.2d 789, 791 (5th Cir. 1991) In holding that preemption didn't exist and in further narrowing down the issues before it, the court rationalized the claim at hand when it asked itself *"The primary issue in this case is the factual question of motivation: Did the defendant fire the plaintiffs in retaliation for filing workers' compensation claims? The answer to this question is not dependant on an interpretation of the CBA." Id* at 781.

6.    In addition to *Trevino*, other cases have consistently come to the identical conclusion. In *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 406-407 (1988) the U.S. Supreme Court held that "if the elements of the cause of action require an interpretation of the CBA, the plaintiff's claim is inextricably intertwined and the case is removable." The court reasoned that in a case involving

5

"just cause" for discharge, a state court could resolve a discrimination or retaliatory discharge claim without interpreting the 'just cause' language of the CBA. *Id.* at 413.

7.     Moreover, in *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 791-792 (5th Cir. 1991), the court held "[I]f retaliation was a 'factor,' then interpretation of the CBA is not 'inextricably intertwined' with the Section 451 claim. Further, in *Garcia v. Rainbo Baking Co. of Houston*, 18 F.Supp2d 683, 689 (S.D.Tex. 1997) (*citing Thomas v. LTV Corp.*, 39 F.3d 611, 620 (5th Cir. 1994)) the court went onto reason that the plaintiff was not "required to establish that her workers' compensation claim was the sole cause of the alleged discrimination. "Plaintiff's right to be free from retaliation is grounded in Texas statute, and not the CBA." *Id.* The case before us is a workers' compensation retaliation claim, but not a case that is inextricably intertwined and dependant on the CBA.

8.     Thus, this case was properly brought in state court. The issues before the parties at hand require the resolution of Texas law and whether it was violated in that defendant's intent in discriminating and discharging plaintiff—an injured Levi employee—was due to her workers' compensation claim.

## IV.
## SANCTIONS

1.     Plaintiff asks that this court impose sanctions, or in the alternative, hold defendant responsible for intentionally and improperly removing this cause knowing that it both (1) was not timely and (2) the legal justification of preemption was contrary to statutory and case law, would cause injustices to plaintiff in the form of unnecessary delay, court costs, expenses, and attorney's fees.

2.      Plaintiff herein requests that this court impose sanctions on defendant by granting plaintiff costs of court, expenses, and attorney's fees due to defendant's improper attempt to remove this cause of action nearly three (3) years late and prior to trial in an attempt to cause unnecessary delay and prejudice to plaintiff.  This court can impose sanctions if the document has been presented for an improper purpose such as to cause harassment or unnecessary delay or expense.  *See* FRCP 11(b)(1); *Sheets v. Yamaha Motors, Inc.*, 891 F.2d 533, 538 (5th Cir. 1990).  Defendant was served with notice of plaintiff's allegations in 1997.  Today, defendant attempts to remove this cause just prior to trial in an attempt to cause plaintiff severe prejudice in the form of unnecessary delay, courts costs, expenses, and attorney's fees.  This attempt to prejudice plaintiff justifies the imposition of sanctions by this court.

3.      Alternatively, costs of court, expenses, and attorney's fees should be granted to plaintiff in that they are allowed by law due to defendant's improper attempt to remove this action.  28 U.S.C §1447(c); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315.  It is not necessary for the court to find bad faith or improper purpose before it can award attorney's fees upon remand for erroneous removal.  *Mirante v. Lee*, 3 F.3d 925, 928-929 (5th Cir. 1993); *Dalske v. Fairfield Comms., Inc.*, 17F.3d 321, 324 (10th Cir. 1994).

4.      The defendant's argument that removal of this cause is justified because plaintiff's Section 451 claim is pre-empted by federal law also warrants remand to state court in that it is contrary to *Trevino v. Ramos*, 197 F.3d 777 (5th Cir. 1999) (*petition for rehearing denied June 26, 2000*) that has held that a claim similar to

7

plaintiff's is not subject to preemption.  This attempt to ignore established law that is on point justifies sanctions.

5.     Plaintiff asks that this court impose sanctions, or in the alternative, hold defendant responsible for intentionally and improperly removing this cause knowing that it both (1) was not timely and (2) the legal justification of preemption was contrary to statutory and case law, would cause injustices to plaintiff in the form of unnecessary delay, court costs, expenses, and attorney's fees.

## V.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this case be remanded to the 357th District Court of Cameron County, Texas, and that this court grant it costs of court, expenses, and attorney's fees and all other relief to which she may be justly entitled.

Respectfully submitted,

AARON PENA & ASSOCIATES
ATTORNEYS AT LAW
1110 S. Closner
Edinburg, Texas  78539
(956) 383-5555  Telephone
(956) 381-0001  Telefax


BY:     _____
        *AARON PENA, JR.*
        STATE BAR NO.  15739010
        *MICHAEL PRUNEDA*
        STATE BAR NO. 24025601

        ATTORNEYS FOR PLAINTIFF

8

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has this day been mailed by certified mail, return receipt requested to the following attorney of record:

Mario A. Barrera
BRACEWELL & PATTERSON                    CMRRR 7099 3220 0003 3681 7514
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-3603


On this 21st day of July, 2000.


_____
MICHAEL PRUNEDA

9